J-S84038-17
J-S84039-17
J-S84040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CEDRIC LEON COPELAND | : | |
| | : | |
| Appellant | : | No. 457 MDA 2017 |

Appeal from the PCRA Order February 6, 2017
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s):  CP-31-CR-0000271-2014,
CP-31-CR-0000272-2014, CP-31-CR-0000521-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CEDRIC LEON COPELAND | : | |
| | : | |
| Appellant | : | No. 458 MDA 2017 |

Appeal from the PCRA Order February 6, 2017
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s):  CP-31-CR-0000271-2014,
CP-31-CR-0000272-2014, CP-31-CR-0000521-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CEDRIC LEON COPELAND | : | |
| | : | |
| Appellant | : | No. 459 MDA 2017 |

J-S84038-17
J-S84039-17
J-S84040-17

Appeal from the Order Entered February 6, 2017
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s):  CP-31-CR-0000271-2014,
CP-31-CR-0000272-2014, CP-31-CR-0000521-2014

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                          **FILED JULY 13, 2018**

Cedric Leon Copeland appeals from the order entered February 6, 2017, in the Huntingdon County Court of Common Pleas dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1,2] Copeland seeks relief from the aggregate sentence of 36 to 180 months' incarceration, imposed after he entered an open guilty plea, in three separate cases, to two counts of driving under the influence ("DUI") (highest rate of alcohol and second offense) and one count of DUI (controlled substance/metabolite and second offense).[3]  On appeal, Copeland contends the PCRA court erred in dismissing his petition because: (1) the trial court's

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] The appeals, filed separately, were consolidated by this Court *sua sponte*. Moreover, we note the recent decision in **Commonwealth v. Walker**, ___ A.3d ___ [33 MAP 2017] (Pa. June 1, 2018), mandating separate notices of appeal for separate dockets, does not apply to the present matter because the Pennsylvania Supreme Court indicated **Walker** was a ruling that was to be imposed prospectively only.

[3] 75 Pa.C.S. 3802(c) and (d)(1), respectively.

- 2 -

guilty plea colloquy failed to inquire into whether Copeland was entering his plea knowingly, intelligently, and voluntarily; and (2) trial counsel was ineffective for failing to ensure that Copeland's plea was knowingly, intelligently, and voluntarily entered. For the reasons below, we affirm.[4]

The facts underlying Copeland's guilty pleas are well-known to the parties and we need not reiterate them in detail herein. To summarize, on December 11, 2014, Copeland entered an open guilty plea to all three DUI cases at Docket Nos. CP-31-CR-0000271-2014, CP-31-CR-0000272-2014, and CP-31-CR-0000521-2014.[5] On May 12, 2015, the court sentenced Copeland to 12 to 60 months on each DUI count, to run consecutively.[6] Copeland filed a motion to modify sentence *nunc pro tunc*, which was denied on May 26, 2015. He did not file a direct appeal. However, on August 27, 2015, Copeland filed a *pro se* PCRA petition. Counsel was appointed, and filed amended PCRA petition on August 8, 2016. The PCRA court then held an

---

[4] Even though the Commonwealth was granted an extension of time to file a brief on October 26, 2017, it did not file an appellee's brief in this matter.

[5] Prior to the hearing, Copeland signed a written guilty plea colloquy.

[6] The court gave him credit of 178 days for time served in an inpatient treatment facility.

evidentiary hearing on January 31, 2017. On February 6, 2017, the court

denied Copeland PCRA relief. This appeal followed.[7]

As indicated above, Copeland raises the following issues:

1. Whether the trial court's guilty plea colloquy was deficient such that no meaningful inquiry was conducted into whether [Copeland]'s plea was being entered knowingly, intelligently, and voluntarily?

2. Whether trial counsel was ineffective for failing to ensure [Copeland]'s guilty plea was knowingly, intelligently, and voluntarily entered?

Copeland's Brief at 4.

Our review of an order denying PCRA relief is well-established: "In

reviewing the denial of PCRA relief, we examine whether the PCRA court's

determination is supported by the record and free of legal error."

**Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–1284 (Pa. 2016)

(internal punctuation and citation omitted). "Great deference is granted to

the findings of the PCRA court, and these findings will not be disturbed unless

they have no support in the certified record." **Commonwealth v. Carter**, 21

A.3d 680, 682 (Pa. Super. 2011) (citation omitted), *appeal denied*, 72 A.3d

600 (Pa. 2013). Moreover, "[t]he PCRA court's credibility determinations,

---

[7] On March 6, 2017, the PCRA court ordered Copeland to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Copeland filed a concise statement on March 24, 2017. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on May 3, 2017.

when supported by the record, are binding on this Court." **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011).

With respect to Copeland's first claim, that the trial court's guilty plea colloquy was deficient, we conclude this issue is waived. **See** 42 Pa.C.S. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."). Generally, claims of trial court error, other than those enumerated in 42 Pa.C.S. § 9543(a)(2)(i-viii),[8] are not cognizable under the PCRA. Furthermore, Copeland could have raised this issue on direct appeal, but he failed to do so. **See also** PCRA Court Opinion, 5/3/2017, at 1-2 (finding claim was waived for failure to properly preserve and was not cognizable under the PCRA). Accordingly, we need not address Copeland's first argument further.

Next, Copeland argues counsel was ineffective for failing to ensure that his guilty plea was knowingly, intelligently, and voluntarily made. **See** Copeland's Brief at 12. Specifically, he contends: "[H]e did not enter a knowing, voluntary, and intelligent plea because his plea counsel failed to

---

[8] We note Copeland's claim is distinguishable from a challenge pursuant to 42 Pa.C.S. § 9543(a)(2)(iii), in which the claim provides that "the conviction or sentence resulted" from "[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." **Id.**

explain to him that he was entering an [o]pen [g]uilty [p]lea, and that the judge would be able to set any sentence within the constraints of the statutory maximums and guidelines for sentencing." ***Id.*** at 13. Moreover, Copeland alleges that counsel said his sentences would be imposed concurrently rather than consecutively. ***Id.*** at 14. Lastly, Copeland asserts that but for counsel's errors, he would not have pled guilty and would have gone to trial. ***Id.*** at 15.

"It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012), *citing* ***Strickland v. Washington***, 466 U.S. 668, 687-691 (1984). Moreover,

> "[t]o plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." ***Commonwealth v. Chmiel***, 612 Pa. 333, 30 A.3d 1111, 1127 (Pa. 2011). Where the petitioner "fails to plead or meet any elements of the above-cited test, his claim must fail." ***Commonwealth v. Burkett***, 2010 PA Super 182, 5 A.3d 1260, 1272 (Pa. Super. 2010).

***Commonwealth v. Stewart***, 84 A.3d 701, 706-707 (Pa. Super. 2013), *appeal denied*, 93 A.3d 463 (Pa. 2014). Furthermore, we note:

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends

> on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Commonwealth v. Pier*, 182 A.3d 476, 479 (Pa. Super. 2018) (footnote and internal citations omitted). Additionally, a "person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

A review of the record reveals the following: At the PCRA evidentiary hearing on January 31, 2017, plea counsel for Copeland testified he has been a lawyer for 41 years, including approximately 30 years spent as a public defender. N.T., 1/31/2017, at 2. At the time of the hearing, he had represented Copeland regarding numerous matters since 2011. *Id.* at 3. Plea counsel indicated Copeland came to his office on several occasions and when they filled out the written colloquy form, Copeland never raised any issues. *Id.* at 7-8. Plea counsel testified he discussed potential sentences with Copeland:

> I was very specific about that. If I remember, the standard range guidelines were three months to twelve months. Then there was an aggravated range, and I don't remember what that was.

But I discussed -- I specifically said in theory, forgetting the guidelines, he could get seven and a half to fifteen years.

*Id.* at 10-11. Moreover, plea counsel stated:

I explained to [Copeland] right after the sentencing that the sentence that the judge had given, which was much higher than I hoped it would be, was actually within the standard range and that [the judge] gave 12 months for each one of the three DUIs.

…

I said – frankly, I said to him the judge may go outside the guidelines here or he may go to the extended guidelines. I explained that if a judge sentences within the guidelines, including the aggravated range, that there really is not much of a basis for appeal. If he goes outside of it, we would have a right to appeal. Again, the judge kept within the standard range. At least what I believe the standard range to be. I did not think it could possibly be any less than that as far as what the range was.

*Id.* at 15-16, 17-18.

Copeland also testified at the PCRA hearing. He stated he met with his plea counsel only once regarding the three pending DUIs for 30 minutes, and plea counsel merely read the colloquy to him and had him sign the document. *Id.* at 19-20. Copeland testified that based on his conversation with counsel, he thought the judge was going impose concurrent sentences that would amount to one to five years' imprisonment. *Id.* at 20-21. Copeland said he was not aware of the possible incarceration term of seven and a half to 15 years and if he had been made aware, he would not have agreed to the open plea and he would have gone to trial. *Id.* at 22-23.

In addressing Copeland's claim, the PCRA court found the following:

On December 11, 2014, a written guilty plea colloquy was filed in court on the same day as the guilty plea. With the help of his attorney, [Copeland] filled out a written guilty plea colloquy prior to entering his plea. [Plea counsel] testified that he went through each question and filled the answers; [Copeland] initialed each page at the bottom and signed the last page. The written colloquy contained questions about four of the six mandatory subjects[9] needed: the (1) nature of charges, (3) the right to a jury trial, (4) the presumption of innocence, and (5) the sentencing ranges. [Plea counsel] specifically discussed the potential sentence, and the possibility that [Copeland] could receive a 7.5 to 15 year prison sentence. The Court inquired about the factual basis for the plea orally at the guilty plea hearing. The sixth mandatory subject is irrelevant because there was not a negotiated plea. It is worth noting that the written colloquy asks whether [Copeland] was satisfied with representation by his attorney and had sufficient time to consult with attorney, and [Copeland] answered in the affirmative.

This Court does not find it credible that [Copeland] believed the sentences would run concurrent, especially when [plea counsel], a seasoned attorney, went over all sentencing possibilities. [Copeland] is hard-pressed to meet his burden for the three-prong test when neither [plea counsel] nor [Copeland]

---

[9] "The Pennsylvania Rules of Criminal Procedure require the court to conduct an on the record inquiry to determine whether the plea is voluntarily and knowingly tendered." *Commonwealth v. Hodges*, 789 A.2d 764, 765 (Pa. Super. 2002), *citing* Pa.R.Crim.P. 590. Pursuant to Rule 590, the court should inquire whether the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless he accepts the agreement. *See* Pa.R.Crim.P. 590, Comment. However, "nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212–1213 (Pa. Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 893 (Pa. 2009).

remember any specific conversations surrounding the guilty plea. Moreover, [Copeland] entered an open guilty plea.

PCRA Court Opinion, 5/3/2017, at 3.

We agree with the PCRA court's determination. The PCRA court found that Copeland made a knowing, intelligent and voluntary decision to enter an open guilty plea, relying upon his written and oral guilty plea colloquies. Copeland is bound by the statements he made to the court. *See Pollard*, 832 A.2d at 523. Moreover, the court did not find Copeland's allegations regarding his belief that his sentences would run concurrent credible. "The PCRA court's credibility determinations, when supported by the record, are binding on this Court[.]" *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). We note the court's finding is supported by counsel's testimony that he discussed all sentencing options with Copeland, including the possibility of a seven and a half-to-15 year term. *See* N.T., 1/31/2017, at 10-11. As such, Copeland has not met his burden in showing that but for counsel's alleged errors, he would not have pled guilty. *See Commonwealth v. Rathfon*, 899 A.2d 365, 369-370 (Pa. Super. 2006). Furthermore, we note Copeland's brief contains no discussion regarding one prong of the ineffectiveness test – that plea counsel lacked a reasonable basis for his conduct. *See Stewart*, 84 A.3d at 706-707. Accordingly, plea counsel cannot be deemed ineffective for failing to ensure that Copeland's guilty plea was knowingly, intelligently, and

- 10 -

voluntarily made. Therefore, we affirm the PCRA court's order denying Copeland relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/13/18